PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 61 ]

Name of Offender: Michael Wallace   Case Number: 3:06-00212

Name of Judicial Officer: The Honorable William J. Haynes, Jr., Chief U.S. District Court Judge

Date of Original Sentence: April 9, 2007

Original Offense: 21 U. S. C. § 846 - Conspiracy to Distribute and to Possess with Intent to Distribute 5 Kilograms or more of Cocaine; 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute 5 Grams or more of Cocaine Base; and 18 U. S. C. § 922(g)(1) and 924(e) - Felon in Possession of a Firearm

Original Sentence:  96 months' custody; followed by 5 years' supervised release

Type of Supervision:  Supervised Release    Date Supervision Commenced:  May 10, 2011

Assistant U.S. Attorney: Hilliard H. Hester III   Defense Attorney:  Roger "Bo" Taylor

---

### PETITIONING THE COURT

____    To issue a Summons.
____    To issue a Warrant.
__X__   To Consider Additional Violations / Information at the August 17, 2012 Hearing

---

THE COURT ORDERS:
☒ The Consideration of Additional Violations / Information at the August 17, 2012 Hearing.
☐ No Action
☐ The Issuance of a Warrant:
☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _____ day of _____, 2012
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief, U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Paul Montgomery
Sr. U.S. Probation Officer

Place   Nashville, TN

Date    August 10, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 61, has been amended as follows:

> **Violation No. 1 - has been amended to include additional illegal drug use by the defendant.**
>
> **Violation No. 2 - has been amended to include additional information about the defendant associating with persons engaged in criminal activity.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.              **Shall not purchase, possess, use, distribute, or administer any controlled substance:**

On July 13, 2011, Mr. Wallace submitted a random urine sample which tested positive for cocaine. He denied using cocaine when questioned by the probation office. The sample was sent to Alere Laboratories for confirmation testing. On July 15, 2011, the laboratory confirmed the sample was positive for Benzoylecgonine, a cocaine metabolite. On July 28, 2011, Mr. Wallace admitted using a ½ gram of cocaine on his birthday. He stated he went to a local bar and used cocaine, but refused to tell the probation officer who he was with on this occasion.

On September 15, 2011, Mr. Wallace submitted a urine sample which tested positive for cocaine. In writing, he denied any use of illegal substances. The sample was sent to Alere Laboratories for confirmation testing. On September 20, 2011, the laboratory confirmed the sample was positive for Benzoylecgonine, a cocaine metabolite.

On September 20, 2011, Mr. Wallace reported to the U.S. Probation Office and admitted he has used cocaine at a concert with some friends a few days prior to his drug screen on September 15, 2011. He could not remember the exact date of the concert. He informed he smoked some marijuana laced with cocaine.

On September 20, 2011, Mr. Wallace submitted a urine sample which tested positive for cocaine. He denied, both verbally and in writing, any new use of illegal substances since the concert. The sample was sent to Alere Laboratories for confirmation testing. On September 23, 2011, the laboratory confirmed the sample was positive for Benzoylecgonine, a cocaine metabolite.

The defendant submitted a urine drug sample on March 28, 2012, which was presumptive positive for cocaine. The screen was forwarded to Alere Laboratory for confirmation. The screen did not confirm positive for cocaine. However, the defendant admitted he had taken a couple of puffs from a cocaine-laced, marijuana cigarette the weekend prior to submission of the screen.

**The defendant submitted a urine drug screen on July 18, 2012, which was presumptive positive for cocaine. The screen was forwarded to Alere Laboratory for confirmation. The screen was confirmed positive for cocaine. Mr. Wallace initially denied he had used cocaine, but finally admitted on July 26, 2012, that he had taken a few puffs from a marijuana cigarette that contained cocaine.**

2.  **Shall not associate with any persons engaged in criminal activity:**

    Mr. Wallace, on both occasions of his admitted drug use, associated with persons he knew to be in possession of illegal substances.

    **Mr. Wallace admitted that the marijuana and cocaine cigarette he possessed prior to the July 18, 2012, urine drug screen was given to him by a friend. He did not wish to implicate his friend.**

3.  **Must submit to drug testing and substance abuse treatment as directed by the probation officer:**

    Mr. Wallace was placed in outpatient treatment with Centerstone Mental Health July 28, 2011. He missed treatment sessions on September 7, 2011, October 5, 2011, and October 19, 2011. Mr. Wallace failed to report to the U.S. Probation Office on October 3, 2011, for a drug screen.

    The defendant failed to attend his outpatient substance abuse treatment on March 21, 2012, and March 28, 2012. He stated he missed the March 21st treatment due to traffic, and the March 28th session due to feeling sad after meeting with the probation officer that date.

**Compliance with Supervision Conditions and Prior Interventions:**

Michael Wallace is a resident of Davidson County, Tennessee, and has been under the supervision of the U.S. Probation Office since May 10, 2011. He is currently employed by Champion Car Wash.

On May 17, 2011, Mr. Wallace participated in a substance abuse intake assessment at Centerstone in Madison, Tennessee, to determine if substance abuse treatment was appropriate. No treatment was recommended at that time; however, Mr. Wallace agreed that if he tested positive on one urine drug screen that he would be placed in the low intensity outpatient treatment program (LIOP). Thus, on July 28, 2011, Mr. Wallace was instructed to report to Centerstone on August 3, 2011, to begin participation in LIOP.

## Update of Offender Characteristics:

**On July 23, 2012, the defendant was questioned about the July 18, 2012, positive drug screen. He denied he had used illegal drugs, and asked about he possibility of having tested positive due to having touched paper money that had come into contact with cocaine. I informed him that touching money likely was not the origin of his positive drug screen. Mr. Wallace then began discussing all the difficulties he was having with his mother and sisters. Mr. Wallace strongly believes his mother is the person who called the police to his apartment the previous day. He stated that someone called the police to report a domestic disturbance, but it was a false report. This officer reiterated the need for him to disassociate himself from his mother and other family members who are causing him problems. Mr. Wallace stated he would prefer to go back to prison if it means he can terminate supervised release. I informed Mr. Wallace he would have the opportunity to request this from the Court at the August 17, 2012, revocation hearing. Mr. Wallace stated he wants to go back to prison on his own terms and not because of some negative conduct precipitated by his family.**

This officer spoke with Mr. Wallace again on July 26, 2012. During this conversation, he admitted he had taken a few puffs off of a cigarette that was "tapped" in cocaine prior to the cigarette being smoked. He stated the drugs belonged to a friend.

Mr. Wallace stated he had not had any additional contact with his mother. However, he was still rather frustrated with, in his mind, her falsely telephoning a domestic disturbance at his residence. Mr. Wallace stated he does not want the police coming to his house based on false reports by his mother. This officer encouraged the defendant to use good judgment and not let his frustration and anger be his guide. I informed him that he was responsible for how he responded to every situation regarding his mother. The defendant was residing with his mother and girlfriend at an apartment in Nashville. He stated that he and his mother were not getting along, therefore, he essentially evicted her.

## U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional information be considered at the defendant's revocation hearing which is currently scheduled on August 17, 2012.**

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Kenneth Parham
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MICHAEL WALLACE, CASE NO. 3:06-00212

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) *18 U.S.C. § 3583(e)(3)* | 8 - 14 months | No recommendation |
| SUPERVISED RELEASE: | 5 years minus any term of imprisonment *18 U.S.C. 3583(h)* | At least 3 years less but not more than five years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the Court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

Respectfully Submitted,

Paul Montgomery
Sr. U.S. Probation Office

Approved:

Kenneth Parham
Supervisory U.S. Probation Officer